**IMS MANUFACTURING COMPANY, INC., Petitioner, Cross-Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent, Cross-Petitioner,**

**International Ladies' Garment Workers, AFL–CIO & Local 469, Intervenor.**

**Nos. 86–5253, 86–5436.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 29, 1987.

Decided March 10, 1987.

Andrew J. Russell (argued), Smith and Smith, Louisville, Ky., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, National Labor Relations Board, Washington, D.C., Kenneth B. Hipp, Nancy Hunt, Karen J. Ward, Mark McCarty (argued), Emil C. Farkas, Director, Region 9, NLRB, Cincinnati, Ohio, for respondent.

Irwin H. Cutler, Jr. (argued) (Intervenor), Louisville, Ky., Linda J. Wallbaum, for intervenor.

Before: LIVELY, Chief Judge; JONES and GUY, Circuit Judges.

PER CURIAM.

The employer, IMS Manufacturing Company, Inc., petitions for review of a decision of the National Labor Relations Board and the Board has filed a cross-application for enforcement. The Board's order is reported at 278 NLRB No. 79 (1986). The determinative issue in the case is whether IMS is a successor of Kane Industries. The Board found that IMS is a successor to Kane and that it committed an unfair labor practice in refusing to bargain with the International Ladies' Garment Workers and its Local 469, the union with which Kane had a collective bargaining agreement at its Leitchfield, Kentucky plant prior to the permanent closing of that plant. The Board order required IMS to recognize the union and to bargain with it upon demand.

Kane operated a clothing manufacturing plant in Leitchfield and just prior to the expiration of a three-year contract with the union a decertification petition was filed. However, an election was held on December 1, 1982 and the union won that election and was certified on June 6, 1983. The Leitchfield operations were permanently closed on July 27, 1983. Shortly thereafter Kane entered into a letter of intent with the former manager of its Leitchfield oper-

ations providing for the manager to enter into a long term lease with an option to purchase one of the Kane facilities and to purchase some of the equipment in that plant. The manager took possession of the plant in August and, using former Kane employees as "volunteers," prepared the plant for reopening. The plant reopened as IMS in September 1983 with the former manager as the sole shareholder of the new corporate owner. IMS manufactures clothing, some but not all of which is similar to the lines manufactured in the plant by Kane. The union sent a written demand to IMS for recognition and bargaining within one year of its certification. The Board found an irrebuttable presumption that the union retained majority status among the employees of IMS during the first year following certification and that IMS did not have good faith doubt, based on objective factors, as to the union's majority status at the time it refused to bargain.

■ In these review proceedings IMS argues that our standard of review of the successorship issue is not one of substantial evidence. It argues that the law of successorship requires a closer case-by-case examination of the record than is accorded to ordinary Board decisions. This is an interesting argument, but we can find no support for it. Determination of successorship depends upon the facts of each case, examined within the context of criteria identified by the courts. The proper approach to a determination of successorship is set forth in *NLRB v. Wayne Convalescent Center, Inc.*, 465 F.2d 1039 (6th Cir.1972). In that decision this court stated that it must uphold the findings of the Board on questions determinative of successorship if supported by substantial evidence. *Id.* at 1041.

■ IMS next argues that when the generally recognized factors of successorship are examined in the present case, the

Board's conclusion that IMS is in fact the successor to Kane is legally incorrect. We have examined the factors identified by IMS: (1) change in the employee-employer relationship; (2) a hiatus between Kane's closing and the beginning of IMS operations as it relates to employee expectations of future employment; (3) changes that IMS made in operations and working conditions; and (4) identity of customers. While IMS produced some evidence in support of its argument that each of these factors indicated that it was not the successor to Kane, the contrary conclusion of the Board based on findings related to each of the factors is clearly supported by the record. In addition, we find no support for a claim of genuine and reasonable doubt as to the majority status of the union at the time recognition was refused.

Accordingly, the Board's order is enforced.